## DAVID BENNETT *vs.* COUNTY COMMISSIONERS OF WORCESTER.

An act conferring on a city council the powers of selectmen and inhabitants of towns in relation to the laying out, acceptance, altering or discontinuing of streets and ways, and the assessment of damages, and giving the same right of appeal by complaint to the county commissioners, as in cases of decisions of selectmen and inhabitants of towns, refers to the provisions of the Rev. Sts. *c.* 24, §§ 68, 76, as to the laying out of townways, and requires an application for a jury, to assess damages sustained by the alteration of a way, to be made within one year from the time of the alteration.

SHAW, C. J.* The present case is a petition to this court, by way of appeal from the refusal of the county commissioners to order a jury to assess the petitioner damages to be recovered against the city of Worcester, which damages he alleges that he has sustained by means of altering the grade of a way, adjoining his land, for which the mayor and aldermen have refused to allow him any compensation. We have the answer of the commissioners, in which the reason they assign for not

---

* THOMAS, J. did not sit in this case.

ordering a jury is, that the application was not made within the time limited by law.

The act incorporating the city of Worcester, *St.* 1848, *c.* 32, § 12, enacts that " the city council shall have the same powers in relation to the laying out, acceptance, altering or discontinuing of streets and ways, and the assessment of damages, which selectmen and inhabitants of towns now have by law," and that " any person aggrieved shall have the same right of appeal, by complaint to the county commissioners, as is given by law to appeal from the decisions of selectmen or the inhabitants of towns."

This act manifestly refers to the previous law, vesting in selectmen and the inhabitants of towns powers to lay out and alter town ways, which provides that if any damage be sustained by any persons, they shall receive such compensation as the selectmen shall determine, which shall be paid by the town, if it is a town way; but if a private way, then by the persons for whose use it is done, or partly by them and partly by the town; and any person aggrieved may, upon application to the commissioners, have his damages ascertained by a jury, in like manner as in case of highways. Rev. Sts. *c.* 24, § 68. In the same connection, and on the same subject of laying out or altering town ways or private ways, it is provided that any person aggrieved by the laying out, or by the alteration or discontinuance of a town way or private way, or by the assessment of damages in such case, shall be entitled to have the matter determined by a jury, which may be applied for at any time within one year after such laying out, alteration or discontinuance, and shall be accordingly ordered by the commissioners; it then goes on to provide that the jury shall have the same powers, and the proceedings in all respects shall be conducted in the same manner, as provided in respect to highways. Rev. Sts. *c.* 24, § 76.

Here then, it seems to us, is a plain and direct limitation of the time within which the application to the county commissioners shall be made, namely, within one year from the alteration made, according to the rule in *Brown* v. *Lowell,* 8 Met. 177. The actual time of the alteration is the point from which the

limitation is to be computed. See *Call* v. *County Commissioners*, 2 Gray, 232. In the present case, the alteration is alleged to have been made in November 1852, the application to the city council for damages in April 1853, and the application to the commissioners in March 1854.

The court are of opinion that the petition to the county commissioners for a jury was not seasonably presented, and that their decision in disallowing it was correct.

*Petition dismissed.*

*P. E. Aldrich*, for the petitioner.
*P. C. Bacon*, for the respondents.